STATE OF LOUISIANA        *        NO. 2019-KA-0448

VERSUS        *        COURT OF APPEAL

LERONE C. LEWIS        *        FOURTH CIRCUIT

       *        STATE OF LOUISIANA

       *

       *

* * * * * * *

**BARTHOLOMEW-WOODS, J., CONCURS WITH REASONS**

I concur with the majority in all respects, however, the failure of Defendant to request a twenty-four hour automatic stay of proceeding is irrelevant to a finding that the trial court was warranted in granting a mistrial. Rather, the judge declared a mistrial, and was justified in doing so, in the interest of legal necessity.

A trial judge's discretion in declaring a mistrial is limited by La. C.Cr.P. art. 775[1], which allows five grounds for declaring a mistrial without the defendant's consent. Under La. C.Cr.P. art. 775(3), a mistrial may be ordered, *inter alia*, when

---

[1] La. C.Cr.P. art. 775:

A mistrial may be ordered, and in a jury case the jury dismissed, when:

    (1) The defendant consents thereto;

    (2) The jury is unable to agree upon a verdict;

    (3) There is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law;

    (4) The court finds that the defendant does not have the mental capacity to proceed;

    (5) It is physically impossible to proceed with the trial in conformity with law; or

    (6) False statements of a juror on voir dire prevent a fair trial.

    Upon motion of a defendant, a mistrial shall be ordered, and in a jury case the jury dismissed, when prejudicial conduct in or outside the courtroom makes it impossible for the defendant to obtain a fair trial, or when authorized by Article 770 or 771.

    A mistrial shall be ordered, and in a jury case the jury dismissed, when the state and the defendant jointly move for a mistrial.

"[t]here is a legal defect in the proceedings which would make any judgment entered upon a verdict reversible as a matter of law."

"A mistrial declared by the trial court without the consent of the defendant will ordinarily bar further prosecution of him for the same criminal conduct." *State v. Lawson*, 338 So.2d 627, 629 (La.1976). However, [t]his rule is subject to limited exceptions, where the court-ordered mistrial is regarded as justified in the interest of the accused or as required by physical or legal necessity. *See* Note, 32 La. L. Rev. 145 (1971) and Official Revision Comments (b) and (c), Article 775 of the Louisiana Code of Criminal Procedure.

Defendant's second trial commenced October 17, 2018, after a six-member jury was empaneled and had been sworn in. During recess, the trial judge was advised by two jurors that conflicts in scheduling with their professional and familial obligations made it difficult for them to continue serving on the jury, should the trial last late into the day and the following day. One juror, a realtor, advised that her appointments were being-rescheduled to accommodate should the trial continue and last late into the day. The other juror, a mother, expressed that arrangements for her child the day of trial had been made, however, she would be unable to be "gone overnight" and that "logistics for the following day would be difficult."

After addressing the two jurors concerning their inability to continue serving, the judge conferred with the prosecution and defense:

> You guys have a decision to make because you have logistical problems with these two jurors here because it's four o'clock in the evening and you haven't even put on the first witness yet. You haven't even made your openings yet. You do this trial and you set this trial on the last day for jury duty for these people because you guys didn't take into consideration for jury service. It's not on the Court. I didn't set this trial date. You guys set the trial date. You should have known this was the last day of jury service for these jurors. Then you take all day for voir dire. So what do you all want to do . . .

> I'm not keeping these people here tomorrow. The jurors can't stay here tomorrow. You want to find out who can come back tomorrow. . .

After questioning the jurors, three of the six indicated they could not return the following day. Because there was only one alternate juror remaining and because October 17, 2018, was the last day of service for the jury venire, the judge declared a mistrial over defense objection, dismissed the jury and set the case for a new trial the following day, reasoning:

> [La. C.Cr.P. art.] 775 (5), 'It is physically impossible to proceed with the trial [in] conformity with law, or No. 3, There is a legal defect in the proceedings, which would make any judgment entered upon a verdict reversible as a matter of law.' That's it, trial tomorrow morning. Court is adjourned. . .

For this reason, and in the interest of legal necessity, I agree that the judge was justified in declaring a mistrial.